Archis A. Parasharami (SBN 321661)
aparasharami@mayerbrown.com
MAYER BROWN LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101
Telephone:      (202) 263-3000
Facsimile:      (202) 263-3300

Attorney for Defendants
AT&T INC., PACIFIC BELL CO.,
and DIRECTV, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| DAVID COTTRELL,<br><br>                    Plaintiff,<br><br>vs.<br><br>AT&T INC., PACIFIC BELL CO., and DIRECTV, LLC,<br><br>                    Defendants. | Case No. 19-cv-7672<br><br>California Case No.: C19-02167<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453 BY DEFENDANTS AT&T, INC., PACIFIC BELL CO., AND DIRECTV, LLC**<br><br>(DIVERSITY JURISDICTION—CLASS ACTION FAIRNESS ACT) |

TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRCT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants AT&T Inc. ("AT&T"), Pacific Bell Co., and DIRECTV, LLC ("DIRECTV") (collectively, "Defendants") hereby remove to this Court the state-court action described below.

## STATEMENT OF JURISDICTION

This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2)(A), and for which removal to this Court is appropriate pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, as discussed in more detail below.

## BASIS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

1.      On October 16, 2019, Plaintiff David Cottrell filed a putative class action against Defendants in the Superior Court of the State of California, County of Contra Costa, under Case Number C19-02167.

2.      On October 22, 2019, Pacific Bell Co. and AT&T were served with the Summons and Complaint.  On October 24, 2019, DIRECTV was served with the Summons and Complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal as Exhibit 1.

3.      This Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

4.      The Superior Court of the State of California, County of Contra Costa, is located within the Northern District of California.   28 U.S.C. § 84(a). This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

5.      Plaintiff alleges that Defendants are "opening and charging [their] customers for unauthorized accounts, services, and products," specifically DIRECTV Now. Compl. ¶¶ 1, 16. Plaintiff alleges six causes of action: (1) a violation of California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 *et seq*; (2) violations of California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq*; (3) violations of California Consumer Records Act (CRA), Cal. Civ. Code § 1798.80 *et seq*; (4) unjust enrichment; (5) conversion; and (6) a request for declaratory relief under California Code of Civil Procedure § 1060 *et seq*.

1

6. The Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. § 1332 to grant federal district courts original jurisdiction over putative class actions with 100 or more class members, where the aggregate amount in controversy exceeds $5 million, and where any member of the class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. §§ 1332(d)(1), (2).  As set forth below, this action satisfies each of these requirements for original jurisdiction under CAFA.

7. **Covered Class Action.**  This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B); *see* 28 U.S.C. § 1453(a). The putative class action complaint in this case satisfies this requirement.  *See* Compl. ¶¶ 45-54.

8. **Class Action Consisting of More than 100 Members.**  Plaintiff seeks certification of a statewide class of persons domiciled in California. Compl. ¶ 46. The complaint alleges that "[t]he proposed Class likely contains thousands of members . . . ."  *Id.* ¶ 47. Accordingly, the complaint alleges that the aggregate number of putative class members is at least 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

9. **The Parties Are Minimally Diverse.**  CAFA requires minimal diversity, that is, at least one putative class member must be a citizen of a state different from any defendant.  28 U.S.C. § 1332(d)(2)(A).  Defendant AT&T Inc. is incorporated under the laws of Delaware and maintains its principal place of business in Dallas, Texas. Compl. ¶ 11.  AT&T Inc. is therefore a citizen of Delaware and Texas within the meaning of 28 U.S.C. § 1332. Plaintiff is a "citizen of California who resides in Contra Costa County."  Compl. ¶ 10.

10. Further, the complaint seeks certification of a class of California domiciliaries. Compl. ¶¶ 11, 46. Therefore, putative class members, including Plaintiff, are "citizen[s] of a State different from" defendant AT&T. 28 U.S.C. § 1332(d)(2)(A).

11. **The Amount in Controversy Exceeds $5 Million.**  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C.

§ 1332(d)(2), (d)(6); *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("Under § 1332(d)(2), a federal court may exercise diversity jurisdiction over a class that has more than 100 members who are minimally diverse and whose aggregated claims exceed $5 million."). While Defendants deny the claims alleged in Plaintiff's complaint and further deny that Plaintiff or any putative class member is entitled to any monetary or other relief, the amount in controversy here satisfies the jurisdictional threshold.

12.     Plaintiff "[o]n behalf of himself and Class members," seeks restitution for the alleged violations of the CLRA, the UCL, and the CCRA. Compl. ¶¶ 64, 71, 79. Plaintiff further seeks damages for his tort claims. Compl. ¶¶ 83, 92. Given the definition of the putative class and that the complaint alleges that the challenged conduct has occurred "[f]or at least the past two years," Compl. ¶ 4, Plaintiff's requests for actual damages and restitution on behalf of the proposed class alone satisfy the amount in controversy.  Defendants again deny that Plaintiff's claims have any merit and that he or any putative class member is entitled to relief. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."). But according to Defendants' records, Defendants' customers in California with DIRECTV Now accounts have been billed, in the aggregate, in excess of $5 million over the past two years.  Exhibit 3, Decl. of Mary Beth Woodall, ¶ 2.  As the Ninth Circuit held in *Lewis*, when putative class members pursue restitution for allegedly unauthorized billings, "the entire amount of the billings is 'in controversy'" for purposes of CAFA jurisdiction.  *Lewis*, 627 F.3d at 400.

13.     Plaintiff also seeks attorneys' fees and costs, which further bolsters the conclusion that the $5 million amount in controversy is satisfied here.  Attorneys' fees sought under fee-shifting statutes are included in the amount in controversy.  *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  Here, Plaintiff's claim under the CLRA authorizes an award for attorneys' fees. Cal. Civ. Code § 1750(e) ("The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section.").

14.    Accordingly, the amount in controversy exceeds $5 million. *See Dart Cherokee Basin Operating Co. v. Owens*, 571 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

### NOTICE TO ADVERSE PARTIES AND STATE COURT

15.    In accordance with 28 U.S.C. § 1446(d), Defendants will promptly file in the Superior Court of the State of California, County of Contra Costa, and serve Plaintiff with a copy of a Notice to the Superior Court and to Plaintiff of Filing of Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 in the form of Exhibit 2, which is incorporated by reference.

### CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, AT&T hereby removes this action from the Superior Court of the State of California, County of Contra Costa, to the United States District Court for the Northern District of California.

Dated:  November 21, 2019        Respectfully submitted,

**MAYER BROWN LLP**

*/s/*  Archis A. Parasharami
Archis A. Parasharami

Counsel for Defendants
AT&T INC., PACIFIC BELL CO., AND
DIRECTV, LLC

4