# Exhibit 1

 CT Corporation

**Service of Process Transmittal**
10/22/2019
CT Log Number 536489219

TO: Jill M Calafiore, Rm 3A119A
AT&T Corp.
One AT&T Way-
Bedminster, NJ 07921-

RE: **Process Served in Texas**

FOR: AT&T Inc.  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DAVID COTTRELL, Pltf. vs. AT&T INC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Declaration, Notice(s), Statement, Attachment(s) |
| **COURT/AGENCY:** | Contra Costa County - Superior Court, CA<br>Case # C1902167 |
| **NATURE OF ACTION:** | Class Action - Violation of Californias Consumer Legal Remedies Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 10/22/2019 postmarked on 10/17/2019 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Jeffrey Lewis<br>Keller Rohrback L.L.P.<br>300 Lakeside Drive, Suite 1000<br>Oakland, CA 94612<br>510-463-3900 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/23/2019, Expected Purge Date: 11/02/2019<br><br>Image SOP<br><br>Email Notification,  Jill M Calafiore  jcalafiore@att.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 98101   $ 001.75⁰
02  1W
0001397961 OCT. 17. 2019

**KELLER ROHRBACK L.L.P.**
1201 THIRD AVENUE, SUITE 3200
SEATTLE, WA 98101-3052

*32 893-2 DM:*

AT&T Inc.
c/o C T Corporation System
350 North St. Paul Street
Dallas, TX  75201

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D

OCT 1 6 2019

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____ , Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AT&T Inc., Pacific Bell Co., and DirecTV, LLC

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

David Cottrell

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Contra Costa County Superior Court <br> 725 Court Street <br> Martinez, CA 94553 | **CASE NUMBER** *(Número del Caso):* <br> C19-02167 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Benjamin Gould, Keller Rohrback LLP, 1201 Third Avenue, Suite 3200, Seattle, WA 98101 (206) 623-1900

| DATE: <br> *(Fecha)* **OCT 1 6 2019** | Clerk, by <br> *(Secretario)* **B. POOL** | , Deputy <br> *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served <br> 1. ☐ as an individual defendant. <br> 2. ☐ as the person sued under the fictitious name of *(specify)*: <br> 3. ☒ on behalf of *(specify)*: **AT&T Inc.** <br>   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor) <br>   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee) <br>   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person) <br>   ☐ other *(specify)*: <br> 4. ☐ by personal delivery on *(date)* |
|---|---|

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

1   KELLER ROHRBACK L.L.P.
Jeffrey Lewis (SB No. 66587)
2   Benjamin Gould (SB No. 250630)
300 Lakeside Drive, Suite 1000
3   Oakland, CA 94612
(510) 463-3900, Fax (510) 463-3901
4   jlewis@kellerrohrback.com
bgould@kellerrohrback.com
5   *Attorneys for Plaintiff*

6

7

F I L E D

OCT 16 2019

K. BIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
by _____ @ Prot. Deputy Clerk

THIS CASE IS ASSIGNED
TO DEPT ___ FOR ALL
PURPOSES

SUMMONS ISSUED

8       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
9         IN AND FOR THE COUNTY OF CONTRA COSTA

10  DAVID COTTRELL,              No. **C19 - 02167**

11                 Plaintiff,   **CLASS ACTION COMPLAINT**

12     v.                 DEMAND FOR JURY TRIAL

13

14  AT&T INC., PACIFIC BELL CO., and
DIRECTV, LLC,
15

16               Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................. 1

II.    JURISDICTION AND VENUE ....................................................................... 4

III.   PARTIES ......................................................................................................... 4

IV.    FACTUAL ALLEGATIONS ........................................................................... 5

       A.   AT&T's Practice of Opening or Activating Unauthorized Accounts, Services,
            and Products ........................................................................................... 5

       B.   AT&T's Arbitration Provisions Violate California Law and Are
            Unenforceable. ..................................................................................... 12

V.     CLASS ACTION ALLEGATIONS ............................................................. 16

VI.    CAUSES OF ACTION .................................................................................. 19

       FIRST CAUSE OF ACTION Asserted on Behalf of Plaintiff and the Class: Violation
            of California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*)
            ................................................................................................................ 19

       SECOND CAUSE OF ACTION Asserted on Behalf of Plaintiff and the Class:
            Violations of California's Unfair Competition Law (Cal Bus. & Prof. Code §
            17200 *et seq.*) ...................................................................................... 21

       THIRD CAUSE OF ACTION Asserted on Behalf of Plaintiff and the Class:
            Violations of California Consumer Records Act (Cal. Civ. Code § 1798.80 *et
            seq.*) ....................................................................................................... 22

       FOURTH CAUSE OF ACTION Asserted on Behalf of Plaintiff and the Class: Unjust
            Enrichment ............................................................................................ 24

       FIFTH CAUSE OF ACTION Asserted on Behalf of Plaintiff and the Class:
            Conversion ............................................................................................ 24

       SIXTH CAUSE OF ACTION Asserted on Behalf of Plaintiff and the Class:
            Declaratory Relief ................................................................................. 25

VII.   PRAYER FOR RELIEF ................................................................................ 25

VIII.  DEMAND FOR JURY TRIAL ..................................................................... 26

CLASS ACTION COMPLAINT

Plaintiff David Cottrell brings this action on behalf of himself and all other similarly situated individuals domiciled in the State of California against all Defendants named herein. Plaintiff seeks a public injunction and other equitable relief, including restitution; invalidation of any unauthorized AT&T accounts, services, or products; an accounting; and a declaratory judgment that AT&T's conduct violated California law.[1] Plaintiff also demands trial by jury of all claims properly triable thereby, and complains and alleges as follows:

## I.    INTRODUCTION

1.    Across California, AT&T directly and through its subsidiaries—like Pacific Bell Co. and DirecTV, LLC (hereinafter "AT&T")—is opening and charging its customers for unauthorized accounts, services, and products.

2.    In September 2018, Plaintiff Cottrell, a California resident who lives in Contra Costa County, expressly told multiple AT&T employees that he was not interested in opening the DirecTV Now[2] account they were pushing on him when he called to discuss his AT&T U-verse cable service. Cottrell even complained to an AT&T supervisor about how aggressively the company tried to sign him up for the unwanted account. Months later, Cottrell was shocked to discover that AT&T had signed him up anyway and charged him hundreds of dollars—all for a DirecTV Now account he didn't want, didn't authorize AT&T to open, and never used.

3.    AT&T customers and employees have been reporting similar misconduct across the country. There have been reports from Hawaii, where AT&T employees attempted to blow the whistle on AT&T's practice of opening unauthorized accounts using customer credit card

---

[1] Plaintiff Cottrell reserves the right to amend the complaint to add claims for damages, in compliance with California's Civil Code § 1782's notice requirements.

[2] DirecTV Now is a streaming service that allows users to access live TV and On Demand titles, "anytime, anywhere, all on your favorite devices," such as smart phones, laptops, and tablet devices. *Get More TV Freedom*, AT&T TV NOW, https://www.atttvnow.com/ (last visited Oct. 3, 2019).

information. On information and belief, AT&T has also victimized its customers in Alaska, Oregon, Arizona, Illinois, and North Carolina.

4.     Unfortunately, this kind of misconduct is nothing new for AT&T, which has a long history of deceiving its customers and charging them for accounts, services, and products without their knowledge and against their will. In 2014, AT&T agreed to a $105 million settlement with federal and state investigators—including $80 million in consumer refunds—for illegal billing practices going back to 2009.[3] The illegal billing practice at issue then, known as "mobile cramming," occurred when "payments to third parties for special wireless services are added to phone bills and often go undetected by customers for months."[4] Tom Wheeler, then-chairman of the Federal Communications Commission, declared triumphantly: "It stops today for AT&T."[5] Wheeler and the FCC were overly optimistic. For at least the past two years, AT&T has boldly resumed similar misconduct. But whereas AT&T's previous misconduct involved third parties, AT&T now merely uses its own subsidiaries, like DirecTV, which AT&T acquired in 2014.[6]

5.     AT&T shareholders recently alleged, in a securities fraud class action, that AT&T artificially inflated its DirecTV Now subscriber numbers by fraudulently creating accounts for customers.[7] These allegations, dating back to 2016 and possibly even earlier, name multiple AT&T executives as defendants and are based on information provided by *18 confidential witnesses*—

---

[3] Jim Puzzanghera, *AT&T to Pay $105 Million to Settle "Mobile Cramming" Cases*, L.A. Times (Oct. 8, 2014), https://www.latimes.com/business/la-fi-att-cramming-20141009-story.html.
[4] *Id.*
[5] Bill Donahue, *AT&T Pays $105M To FTC, FCC, AGs Over Mobile Cramming*, Law360 (Oct. 8, 2014), https://www.law360.com/telecom/articles/585548/at-t-pays-105m-to-ftc-fcc-ags-over-mobile-cramming.
[6] Thomas Gryta, *AT&T Closes $49 Billion DirecTV Buy*, Wall St. J. (July 24, 2015) https://www.wsj.com/articles/at-t-closes-49-billion-directv-acquisition-1437766932.
[7] Rachel Sandler, *AT&T Sued for Allegedly Creating Fake DirecTV Now Accounts*, Forbes (Sept. 16, 2019), https://www.forbes.com/sites/rachelsandler/2019/09/16/att-sued-for-inflating-subscriber-numbers-by-allegedly-creating-fake-directv-now-accounts/#7cf975981767.

2

current and former AT&T employees from around the country, including California, and from all levels within the company. AT&T employees report that AT&T set DirecTV Now sales quotas that "incentivized . . . aggressive and improper sales tactics," and that employees felt "intense pressure" to "sell" DirecTV Now accounts, and that this pressure resulted in sales associates resorting to "unnatural sales or flat out fraudulent" sales.[8] These reports are likely just the tip of the iceberg of AT&T's recent misconduct, most of which likely stemmed from AT&T's need to start turning a profit following the costly acquisitions of DirecTV and Time Warner in 2014 and 2016, which cost AT&T hundreds of billions of dollars.[9]

6.      While AT&T is currently facing investor scrutiny and litigation for some of its misconduct, AT&T has managed to avoid serious public inquiry from its customers. This lack of public inquiry is not for lack of trying on the part of AT&T's customers, as evidenced by the volume of AT&T customer complaints. The likely reason these complaints have not led to a serious public inquiry is AT&T's robust arbitration provisions, to which it requires all its customers to submit, and which prohibit class actions and public injunctive relief.

7.      Under the terms of AT&T's arbitration provisions, it is this Court's task to determine their scope and enforceability. And, thankfully for the people of California victimized by AT&T's misconduct, AT&T's arbitration provisions are unenforceable in this State. Under California law, any contract that prohibits someone from seeking—and adjudicators from providing—public injunctive relief is unenforceable as a matter of law. The majority of AT&T's arbitration provisions, including the ones at issue for this litigation, bar public injunctive relief. Further, under the terms of AT&T's various arbitration provisions, if a court finds the provision prohibiting public injunctive relief

---

[8] See Am. Consol. Class Action Compl. ("Sec. Compl.") ¶¶ 17, 206, 209, 211, *Gross v. AT&T Inc.*, No. 19-2892 (S.D.N.Y. Sept. 13, 2019), ECF No. 79.

[9] AT&T paid a reported $67.1 billion for DirecTV and $85.4 billion for Time Warner. *Id.* ¶¶ 97, 124.

unenforceable, the provision as a whole is null and void.

8.     This Court should find that AT&T's arbitration provisions are unenforceable as a matter of law and are null and void under their own terms. Consequently, Plaintiff Cottrell can bring all of his claims against AT&T, related to its misconduct in opening or activating unauthorized accounts, services, or products, in this Court. These include not only his individual claims for public injunctive relief and declaratory relief, but also his class claims on behalf of his fellow AT&T customers domiciled in the State of California.

## II.     JURISDICTION AND VENUE

9.     Jurisdiction and venue are proper in this Court because Plaintiff at all relevant times lived and was an AT&T customer in Contra Costa County and because the actions giving rise to Plaintiff's claims occurred and continue to occur in this County.

## III.     PARTIES

10.     Plaintiff David Cottrell is a citizen of California who resides in Contra Costa County. During the relevant time period, he was, on information and belief, an AT&T customer who maintained an AT&T U-verse cable-service account with AT&T, likely through AT&T subsidiary, Pacific Bell Co., the AT&T cable service provider for the State of California.

11.     Defendant AT&T Inc. is a Delaware corporation with its principal place of business in Dallas, Texas. AT&T Inc., through its subsidiaries and affiliates—such as Pacific Bell Co. and DirecTV, LLC—provides local and long-distance phone services, wireless and data communications, internet access, and IP-based and satellite television. AT&T's "entertainment division" (a.k.a. "Xandr"), which on information and belief was responsible for implementing and monitoring the implementation of AT&T's DirecTV Now application, is located in El Segundo, California.[10]

---

[10] *See Get a Peek Inside AT&T Entertainment Group's El Segundo, CA Headquarters*, AT&T Careers, https://www.att.jobs/article-att-entertainment-group-headquarters (last visited Oct. 3, 2019).

4

12.     Defendant Pacific Bell Co., a.k.a. AT&T California, is a California corporation with its principal place of business in San Francisco, California. Pacific Bell Co. is a subsidiary of AT&T Inc. that provides telecommunication services, including broadband services such as AT&T U-verse, to California residents like Plaintiff Cottrell.

13.     DirecTV, LLC is a California corporation. On information and belief, DirecTV's principal place of business is in El Segundo, California. DirecTV, LLC is a subsidiary of AT&T Inc. and provides visual and textual television programs on a subscription or fee basis, including streaming services like DirecTV Now. DirecTV, LLC is also located in El Segundo, California.

14.     Each Defendant is a "person" within the meaning of the California Business and Professional Code § 17201.

15.     Collectively, the Defendants are referred to herein as "AT&T."

## IV.     FACTUAL ALLEGATIONS

### A.     AT&T's Practice of Opening or Activating Unauthorized Accounts, Services, and Products

16.     AT&T opens unauthorized accounts, services, and products simply but cunningly. An AT&T employee or agent signs the customer up for an account or activates a service or product on his or her behalf, without the customer's permission or knowledge, using the customer's credit card information—which AT&T already has. Then—either initially or eventually—AT&T charges the customer for the account, service, or product without his or her knowledge. That is what happened to Plaintiff Cottrell in California. AT&T opened an unauthorized DirecTV Now account in his name, using his credit card, and charged him for the account for six months before he finally discovered the deception. AT&T customers have reported similar practices in Alaska, Arizona, Oregon, Illinois, and North Carolina. According to a 2018 news article, AT&T also perpetrated a similar scheme on its customers in the state of Hawaii, where, according to an AT&T employee who wished to remain

anonymous, "some customers [did] not catch the charges for up to seven months."[11]

17.    It often takes AT&T's customers months to discover that AT&T has opened and charged them for unauthorized accounts, services, or products. It takes time, after all, for people to find things they aren't looking for, like accounts they didn't sign up for or services and products of which they're not aware.

18.    Plaintiff Cottrell first discovered that AT&T had opened and charged him for an unauthorized DirecTV Now account in March 2019, six months and hundreds of dollars after AT&T initially opened and charged him for the unauthorized DirecTV Now account.

19.    As of September 2018, Cottrell had been using AT&T's U-verse broadband internet service for about four years. Cottrell had grown concerned about the cost of AT&T's U-verse service generally, so he decided to call AT&T to see if AT&T had any promotions that would lower the cost for the service. Cottrell was put in touch with an AT&T customer service agent. Almost immediately, the customer service agent began pitching DirecTV Now to Cottrell, who repeatedly and adamantly said that he was not interested. Eventually, Cottrell got so frustrated that he demanded to talk to an AT&T supervisor, who did not tell him why an AT&T customer service agent had made such a strong sales pitch for DirecTV Now, but apologized for the conduct and supposedly secured Cottrell a discount on his AT&T U-verse package. Cottrell ended the conversation firmly believing that he had not been signed up for a DirecTV Now account.

20.    Cottrell was shocked to discover, in March 2019, that he had been charged hundreds of dollars for a DirecTV Now account that he clearly didn't authorize. However, he did not discover the hundreds of dollars in unauthorized charges on his AT&T bill, as one might expect. Instead, he

---

[11] Austin Westfall, *Hawaii AT&T Workers Say Company Urged Them to Use Unethical Tactics – and Then Fired Them*, Hawaii News Now (Aug. 13, 2018), https://www.hawaiinewsnow.com/story/38480635/hawaii-att-workers-say-company-urged-them-to-use-unethical-tactics-and-then-fired-them/.

6

discovered the unauthorized DirecTV Now charges on his Bank of America Visa bill. But discovering the unauthorized charges was only the beginning of the battle—it took Cottrell two months to finally cancel the unauthorized account and get reimbursed for the approximately $400 in unauthorized charges.

21.    Neither AT&T nor DirecTV ever reimbursed Cottrell for the approximately $400 he was charged for a DirecTV Now account that he never authorized, and that AT&T opened against his will. Instead, Cottrell had to cancel multiple credit cards to finally get the charges to stop appearing. Ultimately, it was Bank of America's fraud department that reimbursed Cottrell for the unauthorized charges. But this reimbursement didn't come from the actual perpetrator—AT&T—and did not compensate Cottrell for the time and energy he was forced to spend closing the unauthorized AT&T account. Nor did the reimbursement from his bank explain why AT&T did what it did or how many other AT&T customers have been victimized by similar misconduct.

22.    Unfortunately, on information and belief, AT&T has perpetrated similar wrongs against thousands of its customers across the State of California and the country.

23.    A married Oregon couple discovered in January 2019 that they had been signed up and charged for an unauthorized DirecTV Now account despite stating that they weren't interested. This occurred after they called AT&T to change the husband's data plan. The wife was subjected to an intense sales pitch for DirecTV Now—a sales pitch she had declined. It took nearly six months to discover they had been improperly signed up for an account, and a month to finally get someone at AT&T to cancel the unauthorized account. AT&T refunded only one month of the five months of unauthorized charges.

24.    In North Carolina, "msparish"—likely an AT&T customer—posted the following

complaint on an AT&T-run internet forum in February 2019:[12]

> Directv Now continues to withdraw money from my account although stop payment was made by my bank and debit card was changed. I never signed up with Directv Now. I am baffled how payment information was received. The phone number provided is bogus. I signed up in June with Direct Tv/AT&T. Neither of them is willing to help resolve issue (see link https://www.attsavings.com/directv/directv-now). Can someone recommend how to correct problem?

Another likely AT&T customer—"beww357," from Wyoming—responded to msparish's post by writing, "As for how they got the payment information, been to an AT&T store recently?"[13] This suggests that AT&T's customers believe that the place where AT&T likely got msparish's or any customer's credit card information to open an unauthorized account was at an AT&T store. This belief is consistent with AT&T's reported misconduct in Hawaii, as reported by former AT&T employees, and consistent with the allegations in the securities fraud class action recently filed in New York.

25. According to a June 2018 news article, former AT&T employees at various AT&T stores in Hawaii reported that AT&T store managers encouraged store employees to use "unethical sales tactics" to sell "trial" DirecTV Now subscriptions, and then hypocritically fired the employees for doing so.[14] One former employee, who wished to remain anonymous, said that "[t]hese customers are seeing charges on their statements that they have no clue what it is, but managers are forcing us to do it because they need to meet their quotas."[15] According to the article, AT&T stores and managers pressured employees to sign people up for DirecTV Now accounts because they were a ranked and important sales metric: DirecTV Now accounts generate more profits for AT&T and their stores

---

[12] *Unauthorized Charges by Direct Now*, AT&T Community Forums (Feb. 12, 2019), https://forums.att.com/t5/DIRECTV-NOW-Account-Billing/Unauthorized-charges-by-Direct-Now/td-p/5806181 (sic throughout).
[13] *Id.*
[14] *See supra* note 11.
[15] *Id.*

CLASS ACTION COMPLAINT

because they generate larger profit margins than, for example, cell phones, which "do not pull a large profit for AT&T stores."[16] Also, AT&T executives were under pressure to justify and turn a profit following AT&T's expensive acquisitions of DirecTV and Time Warner.

26.     Another former employee, Abraham Buonya,[17] said that "[t]he managers basically encouraged us and informed us of how to manipulate sales."[18] According to Mr. Buonya, one of the manipulative sales practices encouraged by management involved AT&T sales representatives signing people up for supposedly free "trials" of DirecTV Now and offering to cancel the account before it turned into a regular subscription that began charging the customer. Unfortunately for AT&T's customers, the sales reps would then let some of the trials "slip[] through the cracks," "which meant customers would be charged for months of DirecTV Now service."[19] Another AT&T employee, who wished to remain anonymous, said he had "seen some customers not catch the charges for up to seven months."[20]

27.     According to the same 2018 news article, it is also likely that AT&T sales reps opened *multiple* unauthorized DirecTV Now accounts on behalf of unknowing AT&T customers, using the customers' credit cards. According to another AT&T store employee, who wished to remain anonymous, "My manager picked up my [work] iPad, which was signed in under me, made a fake email and then activated a DirecTV Now subscription on that email and then said if I can do it, here you go, you can do the next one."[21]

28.     AT&T responded to the investigation that prompted the above news article by firing a few store-level employees, reimbursing a handful of customers, and asserting that AT&T had taken

---

[16] *Id.*
[17] Prior to being fired, Mr. Buonya was AT&T's "top salesman in the state for two years." *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*

CLASS ACTION COMPLAINT

"'appropriate action.'"[22] While such "appropriate action" may have fixed things in Hawaii, it does not fully account for AT&T and its employees' misconduct or the alleged pressure from management to hit sales quotas by signing people up for multiple unauthorized accounts. Nor did AT&T's "appropriate action" do anything for the AT&T customers in California who were similarly victimized by AT&T's practice of opening unauthorized accounts and services.

29.     More recently, AT&T shareholders brought a securities fraud class action against AT&T alleging that AT&T artificially inflated its DirecTV Now subscription numbers and defrauded investors. The allegations in that complaint, which are based on public statements by AT&T executives and the assertions of 18 confidential witnesses, shed light on the motives for AT&T's rampant misconduct.

30.     What motivated AT&T's misconduct in Hawaii, California, and beyond? AT&T's need to appease its shareholders following two very expensive acquisitions. In 2014, AT&T spent $67.1 billion to acquire a struggling satellite TV provider, DirecTV. In 2016, AT&T spent $85.4 billion to acquire media giant Time Warner. As a result, AT&T began 2016 as the second most indebted company listed on the S&P 500. AT&T's justification for these two very expensive acquisitions was DirecTV Now.

31.     On October 25, 2016—three days after AT&T announced the expensive Time Warner acquisition—AT&T's CEO, Randall L. Stephenson, made it clear that the acquisition of Time Warner was "about" launching DirecTV Now, which would be a "game changer" for AT&T and the marketplace.[23]

32.     DirecTV Now would allow users to download an application onto their smart phone or tablet device that would allow the user to "stream" live TV, as well as on-demand "premium"

---

[22] *Id.*
[23] Sec. Compl. ¶ 125.

CLASS ACTION COMPLAINT

content like HBO. This meant that users didn't need to buy—and AT&T didn't need to provide—expensive cable or satellite equipment. And this would be a "game changer" for AT&T and its subsidiaries because it would allow AT&T to pursue a reported "20 million" consumers that AT&T and DirecTV had lost over the years.[24]

33. But DirecTV Now didn't turn out to be the "game changer" that Stephenson had hoped for. And rather than focus on improving the quality or lowering the price of the product to drive subscriptions, AT&T focused on sales—effectively sacrificing its customers to appease its shareholders.

34. AT&T employees allege that AT&T set DirecTV Now sales quotas that "incentivized . . . aggressive and improper sales tactics," that there was an "extraordinary amount of pressure on [AT&T] employees to push sales of DirecTV Now," and that this pressure resulted in sales associates resorting to "unnatural sales or flat-out fraudulent" sales.[25]

35. One AT&T employee reported that he was "taught to manipulate" sales of DirecTV Now when activating new mobile phones for customers.[26] According to this employee, when a wireless customer would come into the store to upgrade his or her phone and get a new one, the customer traditionally had to pay an "activation fee."[27] After the launch of DirecTV Now, the employee and his colleagues were taught to convert the activation fee into up to three subscriptions of DirecTV Now and covertly waive the activation fee.[28] A customer that upgraded his or her phone was thereby subscribed, without authorization, to DirecTV Now.

36. Another AT&T employee reported that the employees would try to pitch DirecTV Now, but it was a "very hard sell," and that sometimes the customer would say that he or she did not

---

[24] Id.

[25] See id. ¶¶ 17, 206, 209, 211.

[26] Id. ¶ 171.

[27] Id.

[28] Id.

11

CLASS ACTION COMPLAINT

want the product, but the employee would go ahead and add it to the account anyways, without telling the customer.[29] Not surprisingly, AT&T customers would come back into the retail stores to complain about charges related to these unauthorized accounts. This employee estimated that 40-50% of the customers he dealt with in early 2017 were complaining about such charges.[30]

37.     Multiple AT&T employees in California reported similar misconduct.[31] One AT&T employee, a store manager in California, reported that there were other managers who were signing customers up for DirecTV without their knowledge.

38.     While AT&T employees were busy opening and charging AT&T customers for these unauthorized DirecTV Now accounts, AT&T executives were reporting soaring subscription numbers to investors.[32] At its peak in 2018, AT&T reported nearly 2 million DirecTV Now subscriptions.[33] Hundreds of thousands of these subscriptions were likely unauthorized.

**B.      AT&T's Arbitration Provisions Violate California Law and Are Unenforceable.**

39.     AT&T's arbitration provisions all violate California law and are thereby unenforceable against the citizens of California and/or anyone victimized by AT&T's conduct within the State.

40.     In *McGill v. Citibank, N.A*, 2 Cal. 5th 945 (2017), the California Supreme Court made it crystal clear that, in California, any contract provision requiring a person to waive his or her right to seek public injunctive relief is unenforceable as a matter of law. This rule—called the *McGill*

---

[29] *Id.* ¶ 177.
[30] *Id.* ¶ 178.
[31] *Id.* ¶¶ 81, 91, 196, 510.
[32] *Id.* ¶ 31.
[33] Also, AT&T executives have repeatedly bragged about just how much user and/or account-specific data they have, including who's watching and what they're watching. *Id.* ¶¶ 221, 222, 225, 226, 234, 381, 388; Georg Szalai, *AT&T Executive on DirecTV Now's First Six Months of "Disrupting the Market"*, Hollywood Rep. (May 31, 2017), https://www.hollywoodreporter.com/news/at-t-executive-directv-nows-first-six-months-disrupting-market-1008351. This data can be used to easily identify which accounts were unauthorized.

CLASS ACTION COMPLAINT

Rule—was recently found by the Ninth Circuit to be consistent with both Supreme Court precedent and the Federal Arbitration Act. *See Blair v. Rent-A-Center, Inc.*, 928 F.3d 819 (9th Cir. 2019).

41.     AT&T's arbitration provisions violate the *McGill* Rule because they prohibit AT&T customers from seeking—and the arbitrator from providing—public injunctive relief, *i.e.*, injunctive relief that extends beyond the individual, such as an accounting. Further, under the terms of those agreements, if a court finds that the particular provision barring public injunctive relief is unenforceable, the entire arbitration provision is null and void.

42.     Finally, this Court is free to determine the enforceability of AT&T's arbitration provisions because, under their terms, "issues relating to the scope and enforceability of the arbitration provision are for the court to decide."[34]

43.     AT&T's U-verse arbitration provision in its agreement with its customers, which is the arbitration provision that Plaintiff Cottrell would be subject to, violates the *McGill* Rule because it limits the possible injunctive relief to individual injunctive relief, thereby barring AT&T customers from seeking—or the arbitrator from granting—public injunctive relief, such as restitution, invalidation of unauthorized accounts or services, or an accounting. AT&T's U-verse arbitration provision limits the available injunctive relief to merely individual injunctive relief as follows:[35]

> The arbitrator may award declaratory or *injunctive relief only in favor of the individual party seeking relief* and only to the extent necessary to provide relief warranted by that party's individual claim.

This provision clearly violates the *McGill* Rule and is, therefore, unenforceable as a matter of law.

36.     Under the terms of AT&T's U-verse arbitration provision, "if [the] specific provision [limiting the available injunctive relief] is found to be unenforceable, *then the entirety of this*

---

[34] *AT&T U-verse TV and AT&T Phone General Terms of Service* § 11.c, AT&T (Jan. 2019), https://www.att.com/legal/terms.uverseandphoneAttTermsOfService.html.

[35] *Id.* § 11.f (emphasis added).

13

*arbitration provision shall be null and void.*"[36] So, if this Court finds that the arbitration provision's

limitation on injunctive relief violates the *McGill* Rule and is therefore unenforceable, the arbitration

provision as a whole is null and void. Plaintiff Cottrell—who is bound by AT&T's U-verse arbitration

provision—is therefore free to bring any and all disputes with and claims against AT&T in this court,

including not only his claims for public injunctive relief and declaratory relief, but also his other class

claims.

44.     As it turns out, the majority of AT&T's arbitration provisions also violate the *McGill*

Rule, are unenforceable as a matter of law, and are null and void under their own terms:[37]

| AT&T Agreement Title and Service(s) | Relevant AT&T Entities | Who Decides Scope/Enforce-ability of the Arbitration Provision | Arbitration Provision Prohibits Public Injunctive Relief and Violates *McGill* | Entire Arbitration Provision Is Null and Void If Limitation on Relief Is Unenforceable |
|---|---|---|---|---|
| Wireless Customer Agreement | AT&T Mobility LLC and its affiliates | **Court Decides:** "issues relating to the scope and enforceability of the arbitration provision are for the court to decide" (§ 2.2.3.) | **Violates *McGill*:** "The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim" (§ 2.2.6.) | **Null and Void:** "If this specific provision [2.2.6.] is found to be unenforceable, then the entirety of this arbitration provision shall be null and void." (§ 2.2.6.) |
| DIRECTV Residential Customer Agreement (digital satellite entertainment) | DIRECTV and its affiliates, subsidiaries and employees | **Court Decides:** "issues relating to the scope and enforceability of the arbitration provision are for | **Violates *McGill*:** "The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and | **Null and Void:** "If this specific provision [8.2.6.] is found to be unenforceable, then the entirety of this arbitration provision |

---

[36] *Id.* (emphasis added).

[37] *Legal Policy Center*, AT&T, https://www.att.com/legal/legal-policy-center.html (last visited Oct. 4, 2019).

14

| AT&T Agreement Title and Service(s) | Relevant AT&T Entities | Who Decides Scope/Enforce-ability of the Arbitration Provision | Arbitration Provision Prohibits Public Injunctive Relief and Violates *McGill* | Entire Arbitration Provision Is Null and Void If Limitation on Relief Is Unenforceable |
|---|---|---|---|---|
| | | the court to decide" (§ 8.2.3.) | only to the extent necessary to provide relief warranted by that party's individual claim" (§ 8.2.6.) | shall be null and void." (§ 8.2.6.) |
| AT&T Digital Life Customer Agreement Summary (home security) | AT&T Digital Life, Inc. and respective subsidiaries, affiliates, agents, employees, predecessors in interest, successors, and assigns. | **Court Decides:** "issues relating to the scope and enforceability of the arbitration provision are for the court to decide" (§ 22.2.) | **Violates *McGill*:** "The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim" (§ 22.5.) | **Null and Void:** "If this specific provision [22.5.] is found to be unenforceable, then the entirety of this arbitration provision shall be null and void." (§ 22.5.) |
| AT&T ConnecTech Terms of Service (home phone) | AT&T ConnecTech services including Remote Support Services | **Court Decides:** "issues relating to the scope and enforceability of the arbitration provision are for the court to decide" (§ X.B.3.) | **Violates *McGill*:** "The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim" (§ X.B.6.) | **Null and Void:** "If this specific provision [X.B.6.] is found to be unenforceable, then the entirety of this arbitration provision shall be null and void." (§ X.B.6.) |
| AT&T Internet Terms of Service | AT&T provisioned fixed location internet access services including both narrowband | **Court Decides:** "issues relating to the scope and enforceability of the arbitration provision are for | **Violates *McGill*:** "The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and | **Null and Void:** "If this specific provision [13.f.] is found to be unenforceable, then the entirety of this arbitration provision |

15

CLASS ACTION COMPLAINT

| AT&T Agreement Title and Service(s) | Relevant AT&T Entities | Who Decides Scope/Enforce-ability of the Arbitration Provision | Arbitration Provision Prohibits Public Injunctive Relief and Violates *McGill* | Entire Arbitration Provision Is Null and Void If Limitation on Relief Is Unenforceable |
|---|---|---|---|---|
| | and broadband internet access services | the court to decide" (§ 13.c.) | only to the extent necessary to provide relief warranted by that party's individual claim" (§ 13.f.) | shall be null and void." (§ 13.f.) |
| AT&T Wi-Fi Terms of Service | AT&T Wi-Fi Services | **Court Decides:** "issues relating to the scope and enforceability of the arbitration provision are for the court to decide" (§ 3.) | **Violates *McGill*:** "The arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking relief and only to the extent necessary to provide relief warranted by that party's individual claim" (§ 6.) | **Null and Void:** "If this specific provision [6.] is found to be unenforceable, then the entirety of this arbitration provision shall be null and void." (§ 6.) |

Because AT&T's arbitration provisions are all unenforceable under *McGill* and null and void under their own terms, Plaintiff Cottrell and other AT&T customers are free to bring all of their individual and class claims in this Court.

## V.    CLASS ACTION ALLEGATIONS

45.    This matter is brought by Plaintiff Cottrell on behalf of himself and those similarly situated, under California Code of Civil Procedure § 382, because there is a well-defined community of interest in the litigation, the parties are numerous, and it is impracticable to bring them all before the court.

46.    The Class that Plaintiff seeks to represent is defined as follows:

All persons domiciled in the State of California for whom AT&T or an AT&T employee or agent opened or activated an unauthorized account, service, or product.

16

47.     **Numerosity/Impracticability of Joinder:** The members of the Class are so numerous that joinder of all members would be impractical. The proposed Class likely contains thousands of members, considering that AT&T was reporting a heavily inflated 2 million DirecTV Now subscribers as of December 2018.[38] The precise number of members can be ascertained through discovery, which will include Defendants' data records.

48.     **Commonality and Predominance:** There are common questions of law and fact that predominate over any questions affecting only individual members of the Class.

49.     For Plaintiff Cottrell and the Class, the common legal and factual questions include, but are not limited to the following:

A.      Whether, as a result of AT&T's misconduct, Plaintiff Cottrell and the Class are entitled to declaratory and public injunctive relief, such as an accounting; and, if so, the nature of such relief;

B.      Whether and how AT&T and its employees or agents engaged in unlawful practices in to sign up its customers for unauthorized accounts or services;

C.      Whether AT&T knew or should have known of its employees' and agents' unlawful practices;

D.      Whether and how AT&T pressured its employees and agents to open unauthorized accounts or services on behalf of its customers;

E.      Whether AT&T omitted and concealed material facts from its communications and disclosures to Plaintiff Cottrell and the Class regarding the costs, benefits, and policies of AT&T accounts and other services;

F.      Whether AT&T engaged in unfair methods of competition, unconscionable

---

[38] Sec. Compl. ¶ 31.

CLASS ACTION COMPLAINT

acts or practices, and unfair or deceptive acts or practices with the sale of its accounts and other services;

    G.  Whether AT&T violated California consumer protection statutes; and

    H.  Whether AT&T has been unjustly enriched or is liable for conversion.

  50.  **Typicality:** The representative Plaintiff's claims. are typical of the claims of the members of the Class. Plaintiff Cottrell and all the members of the Class have been injured by the same wrongful practices of AT&T. Plaintiff Cottrell's claims arise from the same practices and course of conduct that give rise to the claims of the members of the Class and are based on the same legal theories.

  51.  **Adequacy:** Plaintiff Cottrell is a representative who will fully and adequately assert and protect the interests of the Class and has retained class counsel who are experienced and qualified in prosecuting class actions like this one, *e.g.*, *Jabbari. v. Wells Fargo & Co.*, No. 15-2159 (N.D. Cal.), in which class counsel represented consumers against Wells Fargo related to Well Fargo's opening of unauthorized accounts. Neither Plaintiff Cottrell nor his attorneys have any interests contrary to or in conflict with the Class.

  52.  **Superiority:** A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also result in varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and the court system because of multiple trials of the same factual and legal issues. In addition, AT&T has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief, including public injunctive relief

under various California statutes, and/or corresponding declaratory relief with regard to the members of the Class as a whole, is appropriate.

53.     Plaintiff Cottrell and his counsel do not anticipate any difficulty in the management of this litigation.

54.     AT&T has, or has access to, addresses, phone numbers, e-mail addresses, and/or other contact information for the members of the Class, which may be used for the purpose of providing notice of the pendency of this action.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Asserted on Behalf of Plaintiff and the Class:**
**Violation of California's Consumer Legal Remedies Act**
**(Cal. Civ. Code § 1750 *et seq.*)**

55.     Plaintiff incorporates by reference, every prior and subsequent allegation of this Complaint, as if fully restated here.

56.     California's Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1761(d), protects consumers from "unfair or deceptive acts or practices."

57.     Plaintiff and the Class members are "consumers" within the meaning of the CLRA insofar as Plaintiff and the Class members sought or acquired AT&T's goods and/or services for personal, family, or household purposes.

58.     AT&T's products, merchandise, and services—including its accounts—are "goods" and/or "services" within the meaning of CLRA § 1761(a) and (b).

59.     The transactions set forth in Plaintiff and Class members' allegations against AT&T—including both the transactions Plaintiff and Class members knew and did not know about—are "transactions" within the meaning of CLRA § 1761(e).

60.     AT&T has violated and continues to violate CLRA § 1770(a)(9), (13), (14), (17), (18),

19
CLASS ACTION COMPLAINT

and (19) by, inter alia, "(9) Advertising goods or services with intent not to sell them as advertised. . . . (13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions. . . . (14) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law. . . . (17) Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction. . . . (18) Misrepresenting the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction with a consumer. . . . (19) Inserting an unconscionable provision in the contract."

61.     AT&T's misconduct alleged herein was and is continuing to be undertaken by AT&T with oppression, fraud, and/or malice, within the meaning of California Civil Code § 3294(c).

62.     Plaintiff and Class members have been damaged by AT&T's misconduct.

63.     Unless enjoined and restrained by a court of law, AT&T will continue to commit the violations alleged herein with respect to Plaintiff, Class members, and other members of the general public in the State of California and beyond. Plaintiff therefore seeks a public injunction pursuant to CLRA § 1780(a)(2):

1.  Enjoining AT&T from committing future violations of the CLRA;

2.  Requiring AT&T to provide an accounting of all monies obtained from AT&T's California customers pursuant to the unauthorized accounts and services that AT&T opened and charged them for in violation of the CLRA during the applicable limitations period;

3.  Requiring AT&T to provide an accounting of all monies obtained from AT&T's California customers pursuant to the unauthorized accounts and services that AT&T opened and charged them for during the applicable limitation periods;

20

4. Requiring AT&T to give individualized notice to all AT&T's California customers whom AT&T victimized by opening and charging them for unauthorized accounts or services, during the applicable limitations period under the Consumers Legal Remedies Act and applicable California law, including notice to each such customer of his or her rights under same (including his or right to restitution of all monies paid to AT&T);

5. Requiring AT&T to provide individualized notice to each such customer of the procedures available for enforcing the customer's rights under the CLRA; and

6. Establishing an effective monitoring mechanism to ensure AT&T's continued compliance with the terms of this injunction.

64.     On behalf of himself and Class members, Plaintiff seeks restitution, attorneys' fees, costs, and any other relief the Court deems proper as a result of AT&T's violations of the CLRA.

## SECOND CAUSE OF ACTION
### Asserted on Behalf of Plaintiff and the Class:
### Violations of California's Unfair Competition Law
### (Cal Bus. & Prof. Code § 17200 et seq.)

65.     Plaintiff incorporates by reference, every prior and subsequent allegation of this Complaint, as if fully restated here.

66.     California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200 et seq., protects both consumers and competitors by promoting fair competition in commercial markets for goods and services. California's UCL is interpreted broadly and provides a cause of action for any unlawful, unfair, or fraudulent business act or practice. Any unlawful, unfair, or fraudulent business practice that causes injury to consumers falls within the ambit of California's UCL.

21

CLASS ACTION COMPLAINT

67.     AT&T engages in substantial sales and marketing of its accounts, services, and products within the State of California.

68.     AT&T's acts and practices, as described herein, constitute unlawful, fraudulent, or unfair business practices, in that (1) AT&T's uniform misconduct has a tendency to deceive Plaintiff and Class members; (2) AT&T's practices violate numerous statutes as described in this Complaint; (3) any possible justification for AT&T's misconduct is outweighed by the gravity of the consequences to Plaintiff and the Class members; and (4) AT&T's misconduct is immoral, unethical, oppressive, unconscionable, and/or substantially injurious to Plaintiff and Class members.

69.     AT&T's unlawful, unfair, and fraudulent business acts and practices, as described above, include, but are not limited to, wrongfully opening accounts without customer authorization, starting services without customer approval or authorization, and using customers' credit card information to pay for fees, costs, and other penalties related to accounts and services that AT&T opened without the consent, knowledge, or authorization of Plaintiff and Class members.

70.     Plaintiff and Class members have been damaged by AT&T's misconduct.

71.     Plaintiff re-asserts the public injunctive relief requested above, but under the UCL.

72.     Plaintiff also requests attorneys' fees, costs, and any other relief the Court deems proper as a result of AT&T's violations of the UCL.

**THIRD CAUSE OF ACTION**
**Asserted on Behalf of Plaintiff and the Class:**
**Violations of California Consumer Records Act**
**(Cal. Civ. Code § 1798.80 *et seq.*)**

73.     Plaintiff incorporates by reference, every prior and subsequent allegation of this Complaint, as if fully restated here.

74.     AT&T is a "business" as defined by the California Consumer Records Act ("CCRA"), California Civil Code § 1798.80(a).

22

CLASS ACTION COMPLAINT

75.     Plaintiff and Class members are all "individuals" as defined by CCRA § 1798.80(d) and a "customer" as defined by § 1798.80(c).

76.     The information that AT&T used to open unauthorized accounts and services, as alleged in this Complaint, was "personal information" as defined by CCRA §§ 1798.80(e) and 1798.81.5(d), which includes "information that identifies, relates to, describes, or is capable of being associated with, a particular individual, including, but not limited to, his or her name, signature, Social Security number, physical characteristics or description, address, telephone number, passport number, driver's license or state identification card number, insurance policy number, education, employment, employment history, **bank account number, credit card number, debit card number**, or any other financial information, medical information, or health insurance information." (emphasis added).

77.     AT&T's misuse of that personal information to open or activate unauthorized accounts, services, products, or other "sales" was a "breach of the security system" as defined by CCRA § 1798.82(g).

78.     By failing to immediately notify all affected AT&T customers that their personal information had been misused to open or activate unauthorized accounts, services, or products, AT&T violated CCRA § 1798.82. AT&T's failure to immediately notify customers of that misuse caused Plaintiff and Class members to suffer damages by, for example, forcing them to pay unauthorized charges.

79.     Plaintiff re-asserts the public injunctive relief requested above, but under the CCRA.

80.     Plaintiff also requests attorneys' fees, costs, and any other relief the Court deems proper as a result of AT&T's violations of the CCRA.

CLASS ACTION COMPLAINT

## FOURTH CAUSE OF ACTION
### Asserted on Behalf of Plaintiff and the Class:
### Unjust Enrichment

81.     Plaintiff incorporates by reference, every prior and subsequent allegation of this Complaint as if fully restated here.

82.     As a result of AT&T's unlawful and deceptive actions described above, AT&T was enriched at the expense of Plaintiff and the Class through the charges resulting from accounts, products, and services that AT&T unlawfully and/or deceptively sold to or opened on behalf of customers.

83.     Under the circumstances, it would be against equity and good conscience to permit AT&T to retain the ill-gotten benefits that they received from Plaintiff and the Class, in light of the fact that AT&T used illegal, deceptive, and/or unfair practices to induce or force customers to open, purchase, and/or maintain AT&T accounts, services, and products. Thus, it would be unjust and inequitable for AT&T to retain the benefit without restitution to Plaintiff and the Class for the monies paid to AT&T as a result of the unfair, deceptive, and/or illegal practices.

84.     Further, AT&T's wrongful charges to Plaintiff and Class members for accounts, services, and products they did not authorize damaged Plaintiffs and Class members in an amount that can be identified through AT&T's records.

## FIFTH CAUSE OF ACTION
### Asserted on Behalf of Plaintiff and the Class:
### Conversion

85.     Plaintiff incorporates by reference, every prior and subsequent allegation of this Complaint, as if fully restated here.

86.     Plaintiff and Class members own and have the right to possess the money in their checking, savings, and other accounts.

87.     AT&T interfered with Plaintiff's and Class members' possession of this money by wrongfully charging Plaintiff and Class members for accounts, services, or products, despite the fact that these accounts, services, and products were opened or activated without the consent, knowledge, or authorization of Plaintiff and Class members.

88.     Plaintiff and Class members never consented to AT&T's charges related to accounts, services, and products that Plaintiff and Class members neither opened nor authorized.

### SIXTH CAUSE OF ACTION
**Asserted on Behalf of Plaintiff and the Class:**
**Declaratory Relief**

89.     Plaintiff incorporates by reference, every prior allegation of this Complaint, as if fully restated here.

90.     California Code of Civil Procedure § 1060 *et seq.* provides that "[a]ny person interested . . . under a contract, or who desires a declaration of his or her rights . . . with respect to another, or in respect to, in, over, or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . in the superior court for a declaration of his or her rights . . . including a determination of any question of construction or validity arising under the instrument or contract."

91.     As described above, this Court has jurisdiction over this matter, and therefore may declare the rights of Plaintiff and the Class.

92.     Plaintiff and the Class therefore seek an order declaring AT&T's practice of opening or activating unauthorized, services, or products is unlawful, and that AT&T is liable to Plaintiff and the Class for damages caused by that practice.

### VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class members pray for relief as set forth below:

A.     Certification of the action as a class action pursuant to California Code of Civil

25

CLASS ACTION COMPLAINT

Procedure § 382, and appointment of Plaintiff as Class Representative and his counsel of record as Class Counsel;

   B.  Declaration that AT&T's conduct is unlawful;

   C.  Permanently enjoining AT&T from performing further unlawful acts as alleged herein;

   D.  Public injunctive relief, including the invalidation of any unauthorized AT&T accounts, services, and products, and an accounting for same;

   E.  Equitable relief in the form of restitution and/or disgorgement of all unlawful or illegal profits received by Defendants as a result of the unlawful conduct alleged herein;

   F.  The costs of bringing this suit, including reasonable attorneys' fees; and

   G.  All other relief to which Plaintiff and Class members may be entitled at law or in equity.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and all others similarly situated, hereby requests a jury trial on any and all claims so triable.

DATED this 15th day of October, 2019.

KELLER ROHRBACK L.L.P.

By: _____

Jeffrey Lewis (SB No. 66587)
Benjamin Gould (SB No. 250630)
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Phone: (510) 463-3900
Fax (510) 463-3901
jlewis@kellerrohrback.com
bgould@kellerrohrback.com

26

CLASS ACTION COMPLAINT

KELLER ROHRBACK L.L.P.
Jeffrey Lewis (SB No. 66587)
Benjamin Gould (SB No. 250630)
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 463-3900
jlewsi@kellerrohrback.com
bgould@kellerrohrback.com



FILED

OCT 16 2019

K. RIEKER CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF CONTRA COSTA
By_____
D. Poot, Deputy Clerk

*Attorneys for Plaintiffs*

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA

| DAVID COTTRELL,<br><br>                              Plaintiff,<br><br>v.<br><br>AT&T INC., PACIFIC BELL CO., and DIRECTV, LLC,<br><br>                              Defendants. | No.  C19 - 02167<br><br>**DECLARATION OF DAVID COTTRELL** |
| --- | --- |

I, David Cottrell, declare as follows under Code of Civil Procedure section 2015.5:

1.      I am the plaintiff in this case and I reside at 4125 Chabot Street, Antioch, California, in Contra Costa County.

2.      In September 2018, while residing at the above address, I was victimized by AT&T's practice of opening or activating unauthorized accounts, services, or products on behalf of its customers.

3.      While residing at the above address, I called AT&T to discuss my AT&T U-verse account, only to have an AT&T sales representative repeatedly pitch a DirecTV Now account to me. I emphatically declined this offer.

4.      Months later, I was shocked to discover that I was being charged for a DirecTV Now

1

DECLARATION OF DAVID COTTRELL

1   account.

2       I declare under the penalty of perjury under the laws of the State of California that the

3   foregoing is true and correct, and that this declaration was executed on this _8ᵗʰ_ day of October

4   2019, at _San Francisco_____, California.

5

6                                   _David L. Cottrell_
                                  David Cottrell

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

DECLARATION OF DAVID COTTRELL

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA  94553

COTTRELL VS AT7T INC., ET AL.

MSC19-02167

NOTICE OF ASSIGNMENT TO DEPARTMENT THIRTY-NINE FOR CASE
MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED
UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND
COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 39, Judge E. Weil
presiding, for all purposes; Department 39 is designated as the
complex litigation department of the Court and as such (a) hears all
cases wherein a designation of complex case has been made and (b)
conducts hearings, in cases that this court determines, on a pre-
liminary basis may be complex, to determine whether the case should
remain in the complex litigation program.

2. All counsel are required to appear in Dept. 39 on 12/18/19
at 8:30 a.m.
    (a) If the case has been designated as complex, and no counter-
        designation has been filed, the Court will hold its first
        case management conference at that time.
    (b) If the case has been assigned to Department 39 on a
        preliminary basis the Court will hold a hearing to determine
        if the matter is, or is not, complex. If the matter is
        determined to be complex, the Court will then proceed with
        the first case management conference.

3. Each party shall file and serve a Case Management Conference
Statement five (5) days before this hearing and be prepared to
participate effectively in the Conference, including being thoroughly
familiar with the case and able to discuss the suitability of the case
for private mediation, arbitration or the use of a special master or
referee.

4. Prior to the conference counsel for plaintiff shall meet and confer
with counsel for each other party in an effort to precisely define the
the issues in the case, discuss the possiblity of early mediation, the
identities of possible other parties, and their respective plans for
discovery.

5. Until the time of the conference the following INTERIM ORDERS shall
be in effect:

A. Plaintiff shall diligently proceed in locating and serving each
and every defendant. It is the Court's intention that each party
be served in sufficient time to have entered an appearance within
the time allowed by law and to attend the first conference.
B. All discovery shall be stayed excepting as all parties to the
action might otherwise stipulate or the Court otherwise order.
C. No party shall destroy any writing or other evidence in its
possession or under its control which bears in any way upon the
matters which are the subject of this litigation.

D. Within the time for any party to file an answer or demurrer such party may alternatively file a notice of general appearance. In such event the time for filing of an answer or demurrer shall be extended to twenty (20) days following the first conference unless the Court shall, at that time, set a different schedule.

E. Counsel for each party shall do a conflict check to determine whether such counsel might have a possible conflict of interest as to any present or contemplated future party.

BY ORDER OF THE COURT

**Superior Court of California, County of Contra Costa**

## NOTICE TO DEFENDANTS
In Unlimited Jurisdiction Civil Actions

<u>YOU ARE BEING SUED.</u> The packet you have been served should contain:

a.    The Summons

b.    The Complaint

c.    The Notice of Case Management (shows hearing date and time)

d.    <u>Blank:</u> Case Management Statement (Judicial Council Form CM-110)

e.    <u>Blank:</u> Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

f.    Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c-INFO)

---

  **WHAT DO I DO NOW?**  

<u>You must:</u>

1.  **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2.  **Complete the *Case Management Statement* (CM-110)**

3.  **File and serve your court papers on time**    Once your court forms are complete, you <u>must</u> file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you are served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4.  **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040),* that <u>must</u> be filed at the court within <u>60</u> days.

5.  **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6.  **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

<u>COURT FEES:</u> You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

<u>COURT FORMS:</u> Buy forms at the Law Library (1020 Ward Street, Martinez, CA) or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.

2. If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.

3. If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

    Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

    a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).

    b. For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).

    c. Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

    a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

    b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. Motion to Strike *(the complaint is unclear, does not follow the law, "doesn't matter", etc.)*;
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court)*;
4. Motion to Quash Service of Summons *(you were not legally served)*;
5. Motion to Stay *(put the case on hold)*; or
6. Motion to Dismiss *(stops the case)*.

    **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service**: (925) 825-5700
- **Bay Area Legal Aid**: (800) 551-5554
- **Contra Costa County Law Library**    Martinez: (925) 646- 2783    Richmond: (510) 374-3019
- **Ask the Law Librarian**: www.247ref.org/portal/access_law3.cfm

**SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF CONTRA COSTA**

| | |
|---|---|
| _____ | |
| _____ | |
| Plaintiff(s) / Cross Plaintiff(s) | ***ADR Case Management Stipulation and Order*** |
| vs. | ***(Unlimited Jurisdiction Civil Cases)*** |
| _____ | |
| _____ | **CASE NO:** _____ |
| Defendant(s) / Cross Defendant(s) | |

> ► ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)
>
> ► PARTIES MUST ALSO **SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE:** EMAIL adrweb@contracosta.courts.ca.gov  FAX: (925) 608-2109  -MAIL: P.O. BOX 911, MARTINEZ, CA 94553

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. <u>Selection and scheduling for Alternative Dispute Resolution (ADR)</u>:
   a.  The parties have agreed to ADR as follows:
       i.  ❑ Mediation  (❑ Court-connected ❑ Private)
       ii.  ❑ Arbitration  (❑ Judicial Arbitration (non-binding)  ❑ Private (non-binding)  ❑ Private (binding))
       iii.  ❑ Neutral case evaluation
   b.  The ADR neutral shall be selected by *(date)*: _____ *(no more than 14 days after filing this form)*
   c.  ADR shall be completed by *(date)*: _____ *(no more than 90 days after filing this form)*
2. <u>The parties will complete the following discovery plan</u>:
   a.  ❑ Written discovery:  (❑ Additional page(s) attached)
       i.  ❑ Interrogatories to:
       ii.  ❑ Request for Production of Documents to:
       iii.  ❑ Request for Admissions to:
       iv.  ❑ Independent Medical Evaluation of:
       v.  ❑ Other:
   b.  ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
       i.  _____
       ii.  _____
       iii.  _____
   c.  ❑ No Pre-ADR discovery needed
3. The parties also agree: _____
_____
4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5, <u>will pay the fees associated with these services</u>, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | | |
|---|---|---|---|
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

> Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**
>
> **Dated:** _____          _____
>                                                           **Judge of the Superior Court**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT<br>*(Check one):* ☐ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:                Div.:                Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action)*:

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a. ☐ The trial has been set for *(date):*
    b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a. ☐ days *(specify number):*
    b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a. Attorney:
    b. Firm:
    c. Address:
    d. Telephone number:                          f. Fax number:
    e. E-mail address:                             g. Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

**13. Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Email *adrweb@contracosta.courts.ca.gov* or call (925) 608-2075

## MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

**JUDICIAL ARBITRATION** (non-binding)
In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

**PRIVATE ARBITRATION** (non-binding and binding)
Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

**SETTLEMENT MENTOR CONFERENCE**
Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

**NEUTRAL CASE EVALUATION**
In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 250630 | FOR COURT USE ONLY |
|---|---|
| NAME: Benjamin Gould<br>FIRM NAME: Keller Rohrback LLP<br>STREET ADDRESS: 300 Lakeside Drive, Suite 1000<br>CITY: Oakland   STATE: CA   ZIP CODE: 94612<br>TELEPHONE NO.: (510) 463-3900   FAX NO.: (510) 463-3901<br>E-MAIL ADDRESS: dgould@kellerrohrback.com<br>ATTORNEY FOR (Name):  Plaintiff David Cottrell | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
> STREET ADDRESS:                                        725 Court Street
> MAILING ADDRESS:
> CITY AND ZIP CODE:                           Martinez, CA  94553
> BRANCH NAME:

| Plaintiff/Petitioner:                                          David Cottrell | |
|---|---|
| Defendant/Respondent:        AT&T Inc.,  Pacific Bell Co., and DirecTV, LLC | |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>MSC19-02167 |
|---|---|

TO (insert name of party being served): AT&T Inc.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing:  October 17, 2019

▶

Benjamin Gould
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1.  [ x ]  A copy of the summons and of the complaint.
2.  [ x ]  Other (specify):
     Declaration of David Cottrell
     Unlimited Jurisdiction Packet Notice to Defendant
     Notice of Assignment to Department Thirty-Nine for Case Management Determination

(To be completed by recipient):

Date this form is signed:  _____

▶

_____                         _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,                  (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                                    ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: 250630 | FOR COURT USE ONLY |
|---|---|---|

NAME: Benjamin Gould
FIRM NAME: Keller Rohrback LLP
STREET ADDRESS: 300 Lakeside Drive, Suite 1000
CITY: Oakland    STATE: CA    ZIP CODE: 94612
TELEPHONE NO.: (510) 463-3900    FAX NO.: (510) 463-3901
E-MAIL ADDRESS: bgould@kellerrohrback.com
ATTORNEY FOR (Name): Plaintiff David Cottrell

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

Plaintiff/Petitioner: David Cottrell

Defendant/Respondent: AT&T Inc., Pacific Bell Co., and DirecTV, LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: MSC19-02167 |
|---|---|

TO (insert name of party being served): Pacific Bell Co.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: October 17, 2019

Benjamin Gould
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):
   Declaration of David Cottrell
   Unlimited Jurisdiction Packet Notice to Defendant
   Notice of Assignment to Department Thirty-Nine for Case Management Determination

(To be completed by recipient):

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, §§ 415.30, 417.10 www.courtinfo.ca.gov |
|---|---|---|

**POS-015**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO: 250630 <br> NAME: Benjamin Gould <br> FIRM NAME: Keller Rohrback LLP <br> STREET ADDRESS: 300 Lakeside Drive, Suite 1000 <br> CITY: Oakland    STATE: CA    ZIP CODE: 94612 <br> TELEPHONE NO.: (510) 463-3900    FAX NO.: (510) 463-3901 <br> E-MAIL ADDRESS: bgould@kellerrohrback.com <br> ATTORNEY FOR (Name): Plaintiff David Cottrell | | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

| | |
|---|---|
| Plaintiff/Petitioner:             David Cottrell | |
| Defendant/Respondent:    AT&T Inc.,  Pacific Bell Co., and DirecTV, LLC | |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: <br> MSC19-02167 |

TO (insert name of party being served): DirecTV, LLC

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: October 17, 2019

Benjamin Gould                             ▶
(TYPE OR PRINT NAME)                   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:

1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify)*:
   Declaration of David Cottrell
   Unlimited Jurisdiction Packet Notice to Defendant
   Notice of Assignment to Department Thirty-Nine for Case Management Determination

*(To be completed by recipient):*

Date this form is signed: _____

_____        ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure, <br> §§ 415.30, 417.10 <br> www.courtinfo.ca.gov |