UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COTTRELL,<br><br>   Plaintiff,<br><br>v.<br><br>AT&T INC., et al.,<br><br>   Defendants. | Case No. 19-cv-07672-JCS<br><br>**ORDER LIFTING STAY**<br><br>Re: Dkt. No. 39 |

The Court previously denied a motion by Defendants AT&T Inc., Pacific Bell Telephone Co., and DIRECTV, LLC (collectively, "AT&T") to compel arbitration, but granted AT&T's motion to stay the case based on two pending petitions for certiorari asking the U.S. Supreme Court to consider whether a California doctrine prohibiting waiver of a plaintiff's right to public injunctive relief, as set forth in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 959 (2017), is preempted by the Federal Arbitration Act. *See* Order re Mot. to Compel Arbitration & Stay (dkt. 37).[1] The Court ordered the parties to file a status report within two weeks after the Supreme Court resolved those petitions reflecting the parties' positions on whether the stay should be lifted. The Supreme Court denied both petitions on June 1, 2020; AT&T filed a notice of appeal of this Court's previous order to the Ninth Circuit on June 12, 2020; and the parties filed their joint status report (dkt. 39) on June 15, 2020.

Plaintiff David Cottrell argues that the stay should be lifted because the Supreme Court declined to consider challenges to the doctrine on which this Court relied in denying AT&T's motion to compel arbitration. AT&T argues that a stay is now appropriate for reasons unrelated to the certiorari proceedings on which the Court based its previous decision to stay the case, but

---

[1] *Cottrell v. AT&T Inc.*, No. 19-cv-07672-JCS, 2020 WL 2747774 (N.D. Cal. May 27, 2020).

1  instead to allow the Ninth Circuit to review this Court's conclusion that Cottrell actually seeks
2  public injunctive relief in this case, and perhaps also this Court's indication that it would likely
3  find AT&T's arbitration agreement unenforceable even if Cottrell did not seek such relief.
4        There is no question that the previous basis for a stay—the petitions then pending before
5  the Supreme Court—no longer warrant staying this case. The Court construes AT&T's portion of
6  the joint statement as a motion to stay the case for new and distinct reasons.
7        A stay pending appeal is a matter of judicial discretion, not of right. *Lair v. Bullock*, 697
8  F.3d 1200, 1203 (9th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 433 (2009)). In deciding
9  whether to exercise that discretion, courts consider the following factors:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." [*Nken*, 556 U.S.] at 434 . . . . "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the Court's] discretion." *Id.* at 433–34.

15  *Id.* (footnote omitted).
16        In order to satisfy the first factor, the moving party must make a "strong showing" on the
17  merits. *Mohamed v. Uber Techs.*, 115 F. Supp. 3d 1024, 1028 (N.D. Cal. 2015). "Alternatively,
18  the moving party can attempt to satisfy the first factor by showing that its appeal raises 'serious
19  legal questions,' even if the moving party has only a minimal chance of prevailing on these
20  questions." *Id.* (citing *In re Carrier IQ, Inc. Consumer Privacy Litig.*, No. C-12-md-2330 EMC,
21  2014 WL 2922726, at *1 (N.D. Cal. June 13, 2014) ("Under Ninth Circuit law, [the *Lair*] factors
22  are considered on a continuum; thus, for example, a stay may be appropriate if the party moving
23  for a stay demonstrates that serious legal questions are raised and the balance of hardships tips
24  sharply in its favor.")).
25        The Court is not persuaded that AT&T has shown either a likelihood of success or serious
26  legal questions implicated by its appeal. AT&T does not dispute that the arbitration agreement's
27  limitation of injunctive relief violates *McGill*, but now argues only that the Court should not reach
28  that issue because, in AT&T's view, the relief that Cottrell seeks does not implicate that

limitation. Based on the face of his complaint, Cottrell seeks broad injunctions against further violations of California consumer protection statutes. Such relief—"to enjoin future violations of California's consumer protection statutes"—is plainly "oriented to and for the benefit of the general public." *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 831 n.3 (9th Cir. 2019).

That Cottrell also seeks to represent a more limited class of existing AT&T customers under Rule 23 of the Federal Rules of Civil Procedure is of no consequence, because under California law, public injunctive relief is a remedy available on an individual claim—it is not coupled to class certification or definition. *See McGill*, 2 Cal. 5th at 959. Moreover, even if AT&T could show serious legal questions as to whether a court should reach the agreement's prohibition of public injunctive relief, the public interest does not favor enforcing a contract that plainly violates California law[2]—particularly where AT&T chose, through a non-severability clause, to have its arbitration agreement as a whole stand or fall with the waiver of public injunctive relief, rather than either allowing an arbitrator to consider such relief after the waiver is held invalid, or carving that issue out of arbitration and reserving it for a court. Under the circumstances of this case, Cottrell's interest in proceeding with his claims outweighs AT&T's interest in a stay.

AT&T's request to continue the stay is DENIED. The stay imposed by this Court's May 27, 2020 order is LIFTED. The initial case management conference previously set for August 14, 2020 remains on calendar, and the parties shall file a joint case management statement no later than August 7, 2020.

**IT IS SO ORDERED.**

Dated: June 23, 2020

JOSEPH C. SPERO
Chief Magistrate Judge

---

[2] As noted above, AT&T does not dispute that its arbitration agreement prohibits public injunctive relief and, in doing so, violates *McGill*.

3