1    Archis A. Parasharami (SBN 321661)
     aparasharami@mayerbrown.com
2    MAYER BROWN LLP
     1999 K Street, N.W.
3    Washington, D.C. 20006-1101
     Telephone:    (202) 263-3000
4    Facsimile:    (202) 263-3300

5
     Hans J. Germann (*pro hac vice*)
6    hgermann@mayerbrown.com
     MAYER BROWN LLP
7    71 South Wacker Drive
     Chicago, IL 60606
8    Telephone: (312) 701-8792
     Facsimile: (312) 706-8169
9

10   Attorneys for Defendants
     AT&T INC., PACIFIC BELL TEL. CO.,
11   and DIRECTV, LLC

12                        **UNITED STATES DISTRICT COURT**

13                      **NORTHERN DISTRICT OF CALIFORNIA**

14                             **OAKLAND DIVISION**

15

16   DAVID COTTRELL,                          | Case No. 19-cv-07672-JCS

17                    Plaintiff,              | **NOTICE OF MOTION AND MOTION**
                                              | **OF DEFENDANTS AT&T INC.,**
18          v.                                | **PACIFIC BELL TEL. CO., AND**
                                              | **DIRECTV, LLC TO DISMISS**
19   AT&T INC., PACIFIC BELL TEL. CO.         | **PLAINTIFF'S SECOND, THIRD,**
     d/b/a AT&T CALIFORNIA, and DIRECTV,      | **FOURTH, AND FIFTH CLAIMS**
20   LLC,                                     |
                                              | Date:      August 14, 2020
21                    Defendants.             | Time:      9:30 AM
                                              | Location:  G, 15th Floor (San Francisco)
22                                            |
                                              | Judge:     Hon. Joseph C. Spero
23

24

25

26

27

28

---

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND, THIRD, FOURTH, AND FIFTH CLAIMS;
CASE NO. 19-cv-07672-JCS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that, on August 14, 2020, at 9:30 a.m., or as soon thereafter as counsel may be heard, before the Honorable Joseph C. Spero, in Courtroom G of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendants AT&T Inc., Pacific Bell Tel. Co. d/b/a AT&T California, and DIRECTV, LLC (collectively, "AT&T") shall and hereby do move the Court for an order dismissing the Second, Third, Fourth, and Fifth Claims of the amended complaint of Plaintiff David Cottrell.

AT&T seeks an order dismissing these Claims for failure to state a claim upon which relief can be granted. Plaintiff's Third Claim fails to state a claim because Plaintiff's factual allegations, even accepted as true, do not establish "a breach of the security of the system" resulting in Plaintiff's personal information being "acquired by an unauthorized person," within the meaning of the California Consumer Records Act. Plaintiff's Second Claim should be dismissed for lack of statutory standing, because Plaintiff admits he was reimbursed for the allegedly wrongful charges prior to filing suit and hence has not "lost money or property"—a prerequisite for bringing a claim under the Unfair Competition Law. For the same reason, plaintiff's Fourth and Fifth Claims (for unjust enrichment and conversion) should be dismissed because Plaintiff admits he was reimbursed for the monies paid to AT&T that he seeks to (double) recover.

This motion is authorized by Rule 12 of the Federal Rules of Civil Procedure, and supported by the accompanying Memorandum of Points and Authorities and such other written and oral argument as may be presented to the Court.

1

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2        Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants AT&T Inc., Pacific Bell Tel. Co. d/b/a

3 AT&T California, and DIRECTV, LLC (collectively, "AT&T") move to dismiss the Second,

4 Third, Fourth, and Fifth Claims of Plaintiff's First Amended Complaint.

5 **I.     STATEMENT OF ISSUES PRESENTED**

6        Plaintiff David Cottrell, an AT&T customer,[1] alleges that he was charged for a service

7 (DIRECTV Now) that he did not request for approximately six months before he discovered the

8 charges. He alleges that AT&T used his information to add DIRECTV Now service and bill him

9 after he called AT&T to talk about his existing service, and declined the AT&T representative's

10 sales pitch for DIRECTV Now. Cottrell also alleges that, after discovering the charges and prior

11 to filing suit, he obtained a refund of the charges (totaling approximately $400) from his credit

12 card company.

13        AT&T seeks to dismiss four of Cottrell's claims, which raise the following issues:

14        1.      Whether Cottrell may state a claim under the California Consumer Records Act,

15 which requires a business to notify its customers of a "breach of the security of the system" that

16 results in the customer's personal information being "acquired by an unauthorized person," when

17 he alleges that an AT&T representative used his existing AT&T customer information to add a

18 new service to his account. (Plaintiff's Third Claim.)

19        2.      Whether Cottrell has "lost money or property" as required to sue under the

20 California Unfair Competition Law when, as here, he alleges that he was reimbursed for the

21 allegedly improper charges prior to filing suit. (Plaintiff's Second Claim.)

22        3.      Whether Cottrell can state a claim for unjust enrichment when he alleges that he

23 was already reimbursed for the funds he seeks to recover.   (Plaintiff's Fourth Claim.)

24        4.      Whether Cottrell can state a claim for conversion when he alleges that he was

25 reimbursed for the allegedly improper charges prior to filing suit. (Plaintiff's Fifth Claim.)

26

27 [1]      Because Plaintiff is an AT&T customer, AT&T contends that he is required to arbitrate
his disputes with AT&T. AT&T's appeal of the denial of its motion to compel arbitration is
28 pending in the Ninth Circuit, Case No. 20-16162.

2

## II.    STATEMENT OF FACTS

Plaintiff David Cottrell alleges that he is an AT&T customer who received U-verse broadband internet services from AT&T. First Amended Complaint ("FAC") ¶¶ 1, 16. He alleges that AT&T improperly charged him for a DIRECTV Now account without his authorization. FAC ¶¶ 2, 23-24. In particular, Cottrell alleges that when he called AT&T about his existing service to try to secure a lower price, AT&T's representative tried to sell him DIRECTV Now service, and he was signed up for this additional service despite declining it. FAC ¶¶ 24-25. Cottrell alleges that AT&T billed him (and he paid) for DIRECTV Now service for several months before he noticed the charges on his Bank of America Visa bill. FAC ¶ 25. He alleges that he was reimbursed the approximately $400 in allegedly unauthorized charges, by Bank of America. *Id.* ¶ 26.

Cottrell seeks to assert statutory claims for alleged violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*, and the California Consumer Records Act ("CCRA"), Cal. Civ. Code § 1798.80 *et seq.*, as well as common-law claims for unjust enrichment and conversion. FAC ¶¶ 62-101.

## III.    ARGUMENT

### A.    Standard of Review

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer 'enough facts to state a claim for relief that is plausible on its face.'" *Martinez v. Patton*, 2019 WL 3997484, at *2 (N.D. Cal. Aug. 23, 2019) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Dismissal is appropriate also when pleadings show a 'lack of cognizable legal theory,' or 'the absence of sufficient facts alleged under a cognizable legal theory,' *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994)." *Id.*

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND, THIRD, FOURTH, AND FIFTH CLAIMS;
CASE NO. 19-cv-07672-JCS

**B.     Cottrell's Third Claim, Asserting Violation Of The California Consumer Records Act, Should Be Dismissed For Failure To State A Claim.**

Cottrell alleges that AT&T violated the California Consumer Records Act ("CCRA"), Cal. Civ. Code § 1798.80 *et seq. See* FAC ¶¶ 80-87. In particular, Cottrell alleges that AT&T's alleged use of his existing customer information constituted a "breach of [a] security system" as defined by § 1798.82(g) (*see* FAC ¶ 84), and that AT&T violated § 1798.82 by failing to immediately notify him (*see* FAC ¶ 85). But the CCRA provides for certain remedies for data breaches that result in customer information falling into the wrong hands—*i.e.*, those of third parties who are not authorized to possess that information. Because Cottrell does not plausibly contend that the AT&T personnel who allegedly accessed his information were unauthorized to do so—much less that the access occurred as a result of a data breach—his CCRA claim fails as a matter of law.

The CCRA was enacted in light of rising identity theft by hackers, whereby "[c]riminals who steal personal information . . . use the information to open credit card accounts, write bad checks, buy cars, and commit other financial crimes with other people's identities." Telecommunications-Personal Identification Information-Disclosure, 2002 Cal. Legis. Serv. Ch. 1054 (A.B. 700), § 1(c) (West). The statute provides that:

> (a) A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose **a breach of the security of the system** following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information **was, or is reasonably believed to have been, acquired by an unauthorized person**, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable.

Cal. Civ. Code § 1798.82(a) (emphases added).

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND, THIRD, FOURTH, AND FIFTH CLAIMS;
CASE NO. 19-cv-07672-JCS

1       Cottrell fails to state a claim under this provision for two reasons.

2       First, he does not allege that his personal information was "acquired by an unauthorized

3   person," or by any third party at all. Rather, he alleges that he had been an AT&T customer for

4   four years when he called AT&T and talked to an AT&T customer service representative about

5   possible promotions to reduce his bill. FAC ¶ 24. He alleges that the representative sought to

6   convince him to add DIRECTV Now service, and that, although he said he was not interested, he

7   was nevertheless signed up (and subsequently charged) for this additional service. *Id.* ¶¶ 24-25.

8   Cottrell's customer information thus remained within AT&T; Cottrell does not allege that the

9   representative lacked AT&T's authorization to access that information. Nor does Cottrell

10  contend that an unauthorized third party outside of AT&T acquired that personal information.

11      Second, Cottrell's CCRA claim also fails as a matter of law because his allegations do

12  not show a "breach of the security of the system" within the meaning of the statute. CCRA §

13  1798.82(g) defines "breach of the security of the system" to "mean[] unauthorized acquisition of

14  computerized data that compromises the security, confidentiality, or integrity of personal

15  information maintained by the person or business." Again, Cottrell's own allegations make clear

16  that his personal information remained within AT&T. While he alleges that AT&T misused his

17  personal information to charge him for a service he did not want, nowhere does he allege a data

18  breach (an "unauthorized acquisition of computerized data")—much less "an unauthorized

19  acquisition of computerized data that compromise[d] the security, confidentiality, or integrity" of

20  the personal customer information maintained by AT&T.

21      In short, although Cottrell alleges that he did not want DIRECTV Now service, he does

22  not plausibly allege that he was the victim of a data breach that resulted in the acquisition of his

23  personal information by an unauthorized third party outside of AT&T.  Accordingly, he cannot

24  state a claim for  violation of the CCRA, and his third claim should therefore be dismissed.

25      **B.      Cottrell's Second Claim, Alleging Violation Of The California Unfair**

26              **Competition Law, Should Be Dismissed For Lack Of Statutory Standing.**

27      Cottrell's Second Claim seeks relief under the California Unfair Competition Law

28

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND, THIRD, FOURTH, AND FIFTH CLAIMS;
CASE NO. 19-cv-07672-JCS

1    ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq. See* FAC ¶¶ 72-79. Cottrell alleges that AT&T

2    engaged in unlawful, unfair, or fraudulent business practices by using his customer information

3    to sign him up and bill him for DIRECTV Now service without his authorization.  But even

4    assuming the truth of that allegation, Cottrell lacks statutory standing to pursue relief under the

5    UCL because he has not "lost money or property" within the meaning of the statute.

6            Section § 17204 states that "[a]ctions for relief pursuant to this chapter shall be

7    prosecuted exclusively in a court of competent jurisdiction by" either certain government

8    officials "or by a [private] person who has suffered injury in fact and **has lost money or**

9    **property** as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204 (emphasis

10   added).  Cottrell has not "lost money or property." While he alleges that AT&T improperly

11   charged him for DIRECTV Now service, he also alleges that he was reimbursed for the

12   approximately $400 in unauthorized charges within two months of March 2019, when he alleges

13   he first discovered the charges. FAC ¶ 25. This refund was months *before* he filed suit in October

14   of 2019. And although Cottrell alleges that the reimbursement came from his credit card provider

15   (FAC ¶¶ 25-26), the source of the refund does not change the fact that he has not "lost money."

16   To the contrary, by the time he filed his lawsuit, his monetary loss was nonexistent.[2] As a result,

17   pursuant to § 17204 Cottrell cannot pursue an action for relief under the UCL.[3] *See Stearns v.*

18   *Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1151 (N.D. Cal. 2010) (named plaintiffs who

19   "concede[d] that they have received a refund for their moldy mattresses" lacked statutory

20   standing to pursue relief under the UCL); *Gonzales v. Comcast Corp.*, 2012 WL 10621, at *8

21   (E.D. Cal. Jan. 3, 2012), report and recommendation adopted, 2012 WL 217708 (E.D. Cal. Jan.

22   23, 2012) (plaintiff failed to demonstrate injury-in-fact needed to pursue claim under UCL where

23

24   [2]    Cottrell also alleges that he was not compensated for his "time and energy" (FAC ¶ 26),
     but "[w]asted time does not equal lost money or property, so . . . cannot establish statutory
25   standing" under the UCL. *Spacone v. Sanford, L.P.*, 2018 WL 4139057, at *4 (C.D. Cal. Aug. 9,
     2018).
26

27   [3]    Cottrell requests, among other things, "compensatory and punitive damages" for the
     alleged UCL violation (FAC ¶ 79), but it is black-letter law that "damages cannot be recovered"
28   under the UCL. *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 943 (Cal. 2003).

6

1    charges had been refunded).

2        **C.      Cottrell's Fourth Claim, Alleging Unjust Enrichment, Should Be Dismissed.**

3        Cottrell's Fourth Claim asserts unjust enrichment, and seeks "restitution" of the monies

4    paid to AT&T. FAC ¶ 90. This claim should be dismissed for much the same reason as his UCL

5    claim:   Because Cottrell acknowledges that he has already been reimbursed for the DIRECTV

6    Now charges AT&T allegedly billed him (*see* FAC ¶ 25), he cannot state a claim for unjust

7    enrichment.

8        "Under California law, the elements of unjust enrichment are: (1) receipt of a benefit; and

9    (2) unjust retention of the benefit **at the expense of another**." *Martinez v. Hammer Corp.*, 2010

10   WL 11507562, at *5 (C.D. Cal. Jan. 29, 2010) (emphasis added). Even assuming that Cottrell's

11   factual allegations are true, to the extent AT&T has retained any money (rather than having it

12   charged back by the credit card provider), that retention has not come at Cottrell's expense,

13   because he was reimbursed prior to filing suit. *See also, e.g.*, *Arroyo v. Aurora Bank, FSB*, 2012

14   WL 628205, at *8 (C.D. Cal. Feb. 24, 2012) ("A plaintiff cannot sue under an unjust enrichment

15   theory when the plaintiff has sustained no injury."). As a result, Cottrell has failed to state an

16   unjust enrichment claim for "restitution" of the monies paid to AT&T. FAC ¶ 90. If anything, to

17   the extent Cottrell is seeking to be reimbursed twice, he is improperly seeking a double recovery.

18       **D.      Cottrell's Fifth Claim, For Conversion, Should Be Dismissed.**

19       Cottrell's Fifth Claim, for conversion, should also be dismissed. *See* FAC ¶¶ 93-97.

20   Cottrell purports to seek damages for "conversion" when AT&T allegedly wrongfully charged

21   his account. But, as Cottrell admits he was reimbursed prior to suit, he cannot maintain a claim

22   for conversion.

23       "Conversion is the wrongful exercise of dominion over the property of another." *J & J*

24   *Sports Prods., Inc. v. Benitez*, 2013 WL 5347547, at *4 (E.D. Cal. Sept. 23, 2013) (quoting

25   *Burlesci v. Petersen*, 68 Cal.App.4th 1062, 1066, 80 Cal.Rptr.2d 704 (1998)). "The elements of a

26   conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the

27   defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Id.*

28

1  Even assuming *arguendo* that Cottrell's allegations are sufficient to establish the first two

2  elements, his admission that he was reimbursed prior to filing suit defeats the required element of

3  damages. Cottrell cannot use a conversion claim to double-recover money that he has already

4  been reimbursed. Cottrell fails to allege any other claimed loss of property or damage—other

5  than the charges for which he has been reimbursed—and hence his claim should be dismissed.

6  **IV.    CONCLUSION**

7          For the reasons explained above, the Court should dismiss Plaintiff's Second, Third,

8  Fourth, and Fifth Claims.

9

10         Dated: July 7, 2020                          MAYER BROWN LLP

11

12                                                      By: /s/ Hans J. Germann
                                                            Hans J. Germann

13

14                                                      *Attorney for Defendants AT&T Inc.,*
                                                        *Pacific Bell Tel. Co., and DIRECTV,*
                                                        *LLC*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8