UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID COTTRELL,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T INC., et al.,<br><br>    Defendants. | Case No. 19-cv-07672-JCS<br><br>**ORDER GRANTING IN PART MOTION FOR LEAVE TO AMEND AND DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 66, 67 |

## I.  INTRODUCTION

Plaintiff David Cottrell moves for leave to amend to add claims against two additional affiliates of Defendants AT&T Inc., Pacific Bell Telephone Co., and DIRECTV LLC (collectively, "AT&T").  AT&T does not oppose Cottrell amending to add claims against AT&T Services, Inc., but opposes the addition of claims against AT&T Mobility Services, LLC ("AT&T Mobility") on the basis that such amendment would be futile.  The Court finds the matter suitable for resolution without oral argument and VACATES the hearing previous set for March 19, 2021.  For the reasons discussed below, Cottrell's motion for leave to amend is GRANTED except as to a claim the Court previously dismissed, and his related administrative motion to file under seal is DENIED.  Cottrell shall file public versions of all documents sought to be sealed no earlier than March 22, 2021 and no later than March 29, 2021, and an amended complaint no later than March 31, 2021.[1]

## II.  BACKGROUND

Cottrell alleges that AT&T billed him for a video streaming service, DirecTV Now, that he expressly declined to purchase during a telephone call with AT&T customer service

---

[1] All existing parties have consented to the jurisdiction of a magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

1  representatives, and asserts a variety of consumer protection claims based on that alleged
2  deception on behalf of a putative class of similarly situated consumers purportedly victimized by
3  AT&T employees who had been pressured to use fraudulent sales methods.  The Court previously
4  denied a motion by AT&T to compel arbitration, an issue currently on appeal before the Ninth
5  Circuit.  Order re Mot. to Compel Arbitration & Stay (dkt. 37).[2]  The Court also denied in large
6  part AT&T's motion to dismiss certain claims under Rule 12(b)(6) of the Federal Rules of Civil
7  Procedure, granting that motion only with respect to Cottrell's claim under the California
8  Customer Records Act ("CCRA").  Order re Mot. to Dismiss in Part 1st Am. Compl. ("MTD
9  Order," dkt. 49).[3]

10  According to Cottrell, recent disclosures in discovery support adding claims against AT&T
11  Services and AT&T Mobility.[4]  *See generally* Mot. (dkt. 66).  AT&T does not oppose amendment
12  to add AT&T Services as a defendant because the call center with which Cottrell interacted was
13  operated by AT&T Services.  Opp'n (dkt. 68) at 2.  AT&T argues that Cottrell's allegations with
14  respect to AT&T Mobility, however, are too conclusory to state a plausible claim, and that leave
15  to amend would be futile because Cottrell does not allege that he used AT&T's "Mobility"
16  service, that he interacted with a retail store operated by AT&T Mobility, or that AT&T Mobility
17  was otherwise responsible for his experience with allegedly fraudulent charges.  *See id.* at 5–7.
18  Cottrell argues in his reply that his proposed second amended complaint and documents submitted
19  therewith support a plausible inference that AT&T Mobility was responsible for the sales
20  incentive programs that pressured AT&T's representatives to enroll him in a service he declined to
21  purchase.  *See generally* Reply (dkt. 72).

---

[2] *Cottrell v. AT&T Inc.*, No. 19-cv-07672-JCS, 2020 WL 2747774 (N.D. Cal. May 27, 2020), *appeal docketed*, No. 20-16162 (9th Cir. June 15, 2020).  Citations herein the Court's previous orders refer to page numbers of the versions filed in the Court's ECF docket.
[3] *Cottrell v. AT&T Inc.*, No. 19-cv-07672-JCS, 2020 WL 4818606 (N.D. Cal. Aug. 19, 2020).
[4] The proposed amendment would also make other minor changes to Cottrell's complaint—for example, changing the month he spoke to AT&T representatives from September 2018 to August 2018—that the parties have not addressed in their briefs.

United States District Court
Northern District of California

### III. ANALYSIS

#### A. Legal Standard

In general, when a party seeks to amend a pleading more than twenty-one days after serving it, or more than twenty-one days after service of a responsive pleading or motion, the party must obtain either the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a). The Federal Rules of Civil Procedure provide that "courts should freely give leave when justice so requires." *Id.* "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in original). Of those factors, "prejudice to the opposing party carries the most weight." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020). "Requests for leave to amend should be granted with 'extreme liberality.'" *Id.* (citation omitted).

#### B. Leave to Amend Is Warranted

The only factor that AT&T addresses for denying leave to amend is futility. According to AT&T, Cottrell's proposed allegation that AT&T Mobility "participated in the creation of the sales incentive programs that caused the deceptive sales practices at issue here" is too conclusory to be taken as true under the pleading standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and Cottrell's claim would therefore be subject to dismissal under Rule 12(b)(6). Opp'n at 6. Whether AT&T Mobility "participated in the creation of" a particular program is a factual allegation taken as true on a motion to dismiss. Whether such "participation" would be sufficient to support liability for Cottrell being charged for DirecTV Now, under any legal theory Cottrell has asserted, is a separate question—one not substantially addressed in AT&T's opposition brief. Even if Cottrell's current proposed allegations are not sufficient, any such deficiency raised in the context of Rule 12(b)(6) would warrant at most dismissal with leave to amend.

AT&T does not argue that there is any absolute bar to holding AT&T Mobility liable for Cottrell's injury, or that his claims are not viable as a matter of law. It is at least possible that

3

Cottrell could cure any deficiency in his proposed second amended complaint with additional factual allegations. Whether Cottrell's allegation of AT&T Mobility's involvement with the incentive programs are factually accurate is a different question, but more appropriate for summary judgment than a challenge to the pleadings. Applying the "extreme liberality" required under Rule 15(a), the Court GRANTS Cottrell's motion for leave to amend, without prejudice to any argument that AT&T might raise in a motion to dismiss or at a later stage of the case.

In the interest of efficiency, and perhaps avoiding another motion to dismiss or the need to grant further leave to amend in the future, Cottrell is not required to file the proposed amended complaint attached to his motion, but may instead file a new amended complaint including all allegations he believes are relevant to the defendants he wishes to add, taking into account the arguments raised in AT&T's opposition brief. Cottrell may not, however, add any claims or parties beyond those addressed in his current motion without further leave of the Court.

While not addressed by either party, the Court notes that Cottrell's proposed second amended complaint would include the CCRA claim that this Court previously dismissed. *See* MTD Order at 5–6. Although the Court granted Cottrell leave to amend that claim if he could cure the deficiencies that previously required its dismissal, the deadline to do so was September 4, 2020. *Id.* at 12. Moreover, Cottrell's proposed second amended complaint adds no new allegations related to his CCRA claim. The Court therefore concludes that further leave to amend the CCRA claim would be futile, DISMISSES that claim with prejudice, and DENIES Cottrell's motion to the extent it could be construed as seeking leave to amend the CCRA claim. Any further amended complaint may not include a claim under the CCRA.

**C.  Administrative Motion to File Under Seal**

Cottrell moved to file certain documents related to his motion for leave to amend under seal, solely on the basis that AT&T designated those documents as confidential. *See* Admin. Mot. to File Under Seal (dkt. 67). AT&T did not file a responsive declaration "establishing that all of the designated material is sealable" as required by this Court's Civil Local Rule 79-5(e)(1). Cottrell's motion to file under seal is therefore DENIED, and Cottrell shall file the documents at issue—the declaration of Benjamin Gould and Exhibits A and B thereto—unredacted in the public

4

record no earlier than March 22, 2021 and no later than March 29, 2021. *See* Civ. L.R. 79-5(e)(2).

To the extent that any future proceedings in this case require further motions to file under seal, the parties are reminded that unredacted versions of documents attached to such motions "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version, and prominently display the notation 'UNREDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED.'" Civ. L.R. 79-5(d)(1)(D).

## IV. CONCLUSION

For the reasons discussed above, Cottrell's motion for leave to amend is GRANTED except as to his claim under the CCRA. Cottrell shall file an amended complaint no later than March 31, 2021.

Cottrell's administrative motion to file under seal is DENIED, and he is instructed to file the documents at issue in the public record no earlier than March 22, 2021 and no later than March 29, 2021.

**IT IS SO ORDERED.**

Dated: March 17, 2021

JOSEPH C. SPERO
Chief Magistrate Judge